Michael M. Kowsari (SBN 186899)
michael@themyerslg.com
**The Myers Law Group**
4695 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 825-5590

Leonard D. DuBoff – Oregon State Bar No. 774378
lduboff@dubofflaw.com
(*Pro Hac Vice Application to Be Submitted*)
**The DuBoff Law Group, PC**
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Fax: (503) 868-7228

*Attorneys for Plaintiff Trendtex Fabrics, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDTEX FABRICS, LTD.,<br><br>   Plaintiff,<br><br>  v.<br><br>BOARDRIDERS, INC., a Delaware corporation; TILLY'S, INC., a Delaware corporation; HANSEN SURFBOARDS, INC., a California corporation, and NORDSTROM, INC., a Washington corporation.<br><br>   Defendants. | **Case No. 8:21-cv-01247**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Trendtex Fabrics, Ltd. ("Plaintiff"), by and through its undersigned

COMPLAINT - 1

counsel, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the defendants' unauthorized reproduction and sale of copyrighted fabric surface designs owned and registered by Plaintiff. Accordingly, Plaintiff seeks relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 et seq. and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

3. This court has personal jurisdiction over the defendants. The defendants do continuous and systematic business in this District. Defendants Boardriders, Inc. and Tilly's, Inc. also maintain their principal places of business in this District.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because this is the state and District where a substantial part of the events giving rise to the claim occurred, and the acts of infringement complained of herein have occurred within this state and District.

## PARTIES

5. Plaintiff is a business corporation incorporated under the laws of the State of Hawaii which owns copyrights to various fabric surface designs.

6. Defendant Boardriders, Inc. ("Defendant Boardriders") is a business

COMPLAINT - 2

corporation incorporated under the laws of the State of Delaware, is authorized to transact business in the State of California, and has its primary place of business at 5600 Argosy Circle, Building 100, Huntington Beach, CA 92649.

7. Defendant Tilly's, Inc. ("Defendant Tillys") is a business corporation incorporated under the laws of the State of Delaware, is authorized to transact business in the State of California, and has its primary place of business at 10 Whatney, Irvine, CA 92618.

8. Defendant Hansen Surfboards, Inc. ("Defendant Hansen Surfboards") is a business corporation incorporated under the laws of the State of California and has its primary place of business at 1105 S. Coast Highway 101, Encinitas, CA 92024.

9. Defendant Nordstrom, Inc. ("Defendant Nordstrom") is a business corporation incorporated under the laws of the State of Washington and is authorized to transact business in the State of California.

**BACKGROUND**

10. At all relevant times, Plaintiff has been the owner of numerous surface designs of Hawaiian print that have been registered with the United States Copyright Office, including a design identified as J-005A. A true and correct copy of copyright registration certificate VAu 635-755 for the surface design collection that includes J-005A, as well as a sample of J-005A itself, is attached as Exhibit 1.

11. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works described in Paragraph 10 above.

12. Plaintiff is considered the premier company for Hawaiian surface designs. As a result, Plaintiff sells fabrics bearing its copyrighted surface designs and also licenses the use of some surface designs.

13. Defendant Boardriders owns, operates, and otherwise does business through a number of clothing brands, including Billabong, Quiksilver, and RVCA. Defendant Boardriders manufactures and sells clothing through websites for these individual brands such as www.rvca.com and also through other third-party sellers such as Defendants Tillys, Hansen Surfboards, and Nordstrom.

14. On information and belief, Defendant Boardriders has manufactured and sold, through its RVCA brand, clothing bearing print designs that are substantially similar or identical to Plaintiff's copyrighted J-005A surface design. Plaintiff learned on or about May 7, 2021, that Defendant Boardriders was offering this merchandise for sale. A true and correct copy of a webpage offering Defendant Boardriders' merchandise bearing the substantially similar or identical surface design for sale on the RVCA website is attached as Exhibit 2.

15. Defendant Tillys sells clothing from other brands and manufacturers through its website www.tillys.com. Among the clothing items offered for sale on Defendant Tillys website was an item from Defendant Boardriders' RVCA brand that violated Plaintiff's copyrighted J-005A surface design. A true and correct copy of a webpage offering Defendant Boardriders' RVCA-branded merchandise bearing the substantially similar or identical surface design for sale on Defendant Tillys' website is attached as Exhibit 3.

16. Defendant Hansen Surfboards sells clothing from other brands and

COMPLAINT - 4

manufacturers through its website www.hansensurf.com. Among the clothing items offered for sale on Defendant Hansen Surfboards' website was an item from Defendant Boardriders' RVCA brand that violated Plaintiff's copyrighted J-005A surface design. A true and correct copy of a webpage offering Defendant Boardriders' RVCA-branded merchandise bearing the substantially similar or identical surface design for sale on Defendant Hansen Surfboards' website is attached as Exhibit 4.

17. Defendant Nordstrom sells clothing from other brands and manufacturers through its website www.nordstrom.com. Among the clothing items offered for sale on Defendant Nordstrom's website was an item from Defendant Boardriders' RVCA brand that violated Plaintiff's copyrighted J-005A surface design. A true and correct copy of a webpage offering Defendant Boardriders' RVCA-branded merchandise bearing the substantially similar or identical surface design for sale on Defendant Nordstrom's website is attached as Exhibit 5.

18. Plaintiff has neither licensed any defendants to reproduce or sell the copyrighted surface design nor sold fabric to any defendants containing the copyrighted surface design. Plaintiff has also not been compensated for any defendant's use of the copyrighted surface design. Defendants' sales of clothing bearing the surface design substantially similar or identical to Plaintiff's copyrighted J-005A surface design is therefore unauthorized.

///

///

///

COMPLAINT - 5

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**
**Count 1**
**(As to Defendant Boardriders)**

19. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 18.

20. Defendant Boardriders' unauthorized acts constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

21. Based on information and belief, Defendant Boardriders has realized profits as a direct and proximate result of its wrongful conduct.

22. Based on information and belief, Defendant Boardriders has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

23. As a direct and proximate result of the infringement by Defendant Boardriders of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and to Defendant Boardriders' profits pursuant to 17 U.S.C. § 504(b).

24. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

25. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**Count 2**
**(As to Defendant Tillys)**

26. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 18.

27. Defendant Tillys' unauthorized acts constitute infringement of

COMPLAINT - 6

Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

28. Based on information and belief, Defendant Tillys has realized profits as a direct and proximate result of its wrongful conduct.

29. Based on information and belief, Defendant Tillys has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

30. As a direct and proximate result of the infringement by Defendant Tillys of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and to Defendant Tillys' profits pursuant to 17 U.S.C. § 504(b).

31. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

32. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### Count 3
### (As to Defendant Hansen Surfboards)

33. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 18.

34. Defendant Hansen Surfboards' unauthorized acts constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

35. Based on information and belief, Defendant Tillys has realized profits as a direct and proximate result of its wrongful conduct.

36. Based on information and belief, Defendant Hansen Surfboards has

COMPLAINT - 7

willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

37. As a direct and proximate result of the infringement by Defendant Hansen Surfboards of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is to entitled damages and to Defendant Hansen Surfboards' profits pursuant to 17 U.S.C. § 504(b).

38. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

39. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### Count 4
### (As to Defendant Nordstrom)

40. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 18.

41. Defendant Nordstrom's unauthorized acts constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

42. Based on information and belief, Defendant Nordstrom has realized profits as a direct and proximate result of its wrongful conduct.

43. Based on information and belief, Defendant Nordstrom has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

44. As a direct and proximate result of the infringement by Defendant Nordstrom of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and to Defendant Nordstrom's profits pursuant to 17 U.S.C. §

504(b).

45. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c).

46. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. On Count 1 against Defendant Boardriders:

  a. That Defendant Boardriders be adjudged to have infringed upon Plaintiff's copyright in violation of 17 U.S.C. § 501;
  b. That Defendant Boardriders be required to account for all profits derived from its infringement of Plaintiff's copyright;
  c. That Plaintiff be awarded either actual damages plus Defendant Boardriders' profits from its infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c);
  d. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;
  e. That Plaintiff be awarded pre- and post-judgment interest according to law; and
  f. That Plaintiff be awarded such other and further relief as is just and proper.

COMPLAINT - 9

B. On Count 2 against Defendant Tillys:

    a. That Defendant Tillys be adjudged to have infringed upon Plaintiff's copyright in violation of 17 U.S.C. § 501;

    b. That Defendant Tillys be required to account for all profits derived from its infringement of Plaintiff's copyright;

    c. That Plaintiff be awarded either actual damages plus Defendant Tillys' profits from its infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c);

    d. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    e. That Plaintiff be awarded pre- and post-judgment interest according to law; and

    f. That Plaintiff be awarded such other and further relief as is just and proper.

C. On Count 3 against Defendant Hansen Surfboards:

    a. That Defendant Hansen Surfboards be adjudged to have infringed upon Plaintiff's copyright in violation of 17 U.S.C. § 501;

    b. That Defendant Hansen Surfboards be required to account for all profits derived from its infringement of Plaintiff's copyright;

    c. That Plaintiff be awarded either actual damages plus Defendant Hansen Surfboards' profits from its infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17

U.S.C. § 504(c);

d. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. That Plaintiff be awarded pre- and post-judgment interest according to law; and

f. That Plaintiff be awarded such other and further relief as is just and proper.

D. On Count 4 against Defendant Nordstrom:

a. That Defendant Nordstrom be adjudged to have infringed upon Plaintiff's copyright in violation of 17 U.S.C. § 501;

b. That Defendant Nordstrom be required to account for all profits derived from its infringement of Plaintiff's copyright;

c. That Plaintiff be awarded either actual damages plus Defendant Nordstrom's profits from its infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c);

d. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. That Plaintiff be awarded pre- and post-judgment interest according to law; and

/ / /

/ / /

/ / /

COMPLAINT - 11

   f. That Plaintiff be awarded such other and further relief as is just and proper.

DATED this 22 day of July 2021.

        <u>/s/ Michael M. Kowsari</u>
        Michael M. Kowsari (SBN 186899)
        michael@themyerslg.com
        The Myers Law Group
        4695 MacArthur Court, Suite 200
        Newport Beach, CA  92660
        Telephone: (949) 825-5590

        Leonard D. DuBoff, OSB # 774378
        lduboff@dubofflaw.com
        The DuBoff Law Group, PC
        6665 SW Hampton Street, Suite 200
        Portland, OR 97223-8357
        Telephone: (503) 968-8111
        *Pro Hac Vice Application to be Submitted*

        *Attorneys for Plaintiff Trendtex Fabrics, Ltd.*

COMPLAINT - 12

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michael M. Kowsari
Michael M. Kowsari (SBN 186899)
michael@themyerslg.com
The Myers Law Group
4695 MacArthur Court, Suite 200
Newport Beach, CA  92660
Telephone: (949) 825-5590

Leonard D. DuBoff, OSB # 774378
lduboff@dubofflaw.com
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Telephone: (503) 968-8111
*Pro Hac Vice Application to be Submitted*

*Attorneys for Plaintiff Trendtex Fabrics, Ltd.*